UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUAWEE JONES,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action No. 17-6463 (JLL)<br><br>OPINION |

**LINARES**, Chief District Judge:

Presently before the Court is Petitioner Quawee Jones's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 in which he seeks to challenge his ongoing criminal prosecution. (ECF No. 1). As Petitioner has now paid the requisite filing fee, this Court is required pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, Petitioner's habeas petition will be dismissed.

## I. BACKGROUND

Petitioner, Quawee Jones, is a federal pre-trial detainee currently confined in the Essex County Correctional Facility. Petitioner has been detained awaiting trial since November 2015. (Docket No. 16-181 ECF Docket Sheet). On June 28, 2016, Petitioner and his co-defendants were charged by way of a superseding indictment with conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Docket No. 16-181 at ECF No. 128). Petitioner's criminal prosecution

1

remains ongoing, and Petitioner is currently in the process of litigating several pre-trial motions in his criminal case. (*See* Docket No. 16-181 at ECF Nos. 212-13, 257, 259, 262). On August 18, 2017, Petitioner filed his current habeas petition. (ECF No. 1). Petitioner seeks to use his habeas petition to challenge this Court's criminal jurisdiction over him. (ECF No. 1 at 6-7). Petitioner does not explain in his petition why he believes the Court lacks personal jurisdiction over him, and provides no factual support for his assertions to that effect.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review Petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to the rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## B. Analysis

Petitioner seeks to challenge the Court's jurisdiction over him in his currently ongoing criminal prosecution. As the Third Circuit has explained, "[w]here a defendant is awaiting trial, the appropriate vehicle for [addressing] violations of his . . . rights are pretrial motions or the expedited appeal procedure provides by the Bail Reform Act . . . and not a habeas corpus petition." *Whitmer v. Levi*, 276 F. App'x 217, 218-19 (3d Cir. 2008); *see also Johnson v. United States*, 265 F. App'x 79, 80 (3d Cir. 2008). Because "[a]dequate remedies [are] available in [a petitioner's] criminal case, . . . [a criminal defendant awaiting trial is] not entitled to habeas corpus relief." *Whitmer*, 276 F. App'x at 219. Where a petitioner's criminal motions are denied, a criminal defendant may not properly seek habeas relief until after his trial and direct appeal. *Johnson*, 265 F. App'x at 80. Even once his direct appeal has concluded, the proper habeas mechanism through which a petitioner may challenge his federal conviction or sentence is a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255, not a § 2241 petition. *Id.*; *see also Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (a motion filed pursuant to § 2255 is the presumptive means for challenging a federal conviction). Thus, where a pre-trial criminal detainee seeks to challenge his pending prosecution through a § 2241 habeas petition, the correct course of action is for the Court to dismiss the petition. *Whitmer*, 276 F. App'x at 219; *Johnson*, 265 F. App'x at 80. Because Petitioner is a pre-trial criminal detainee, and because Petitioner could easily raise his jurisdictional challenge via a motion, filed through counsel, in his criminal proceedings, *see* Fed. R. Crim. P. 12(b)(2) (a motion challenging jurisdiction may be "made at any time while the case is pending"), such a motion is the correct means for raising his current challenge, and his current habeas petition is therefore improper and must be dismissed. *Whitmer*, 276 F. App'x at 219; *Johnson*, 265 F. App'x at 80.

## III. CONCLUSION

For the reasons stated above, Petitioner's habeas petition is dismissed. An appropriate order follows.

/s/ Jose L. Linares
JOSE L. LINARES,
Chief Judge, United States District Court

Date: 10/25/17